Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone: (602) 482-4300
Facsimile:  (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Timothy Stephenson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Stephenson,<br><br>             Plaintiff,<br><br>       v.<br><br>United of Omaha Life Insurance Company;<br>Canyon Custom, Door West and RGC, Inc.;<br>Canyon Custom, Door West and RGC, Inc.<br>Disability Plan,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Timothy Stephenson (hereinafter referred to as "Plaintiff"), by and through his attorney, Scott E. Davis, and complaining against the Defendants, he states:

### *Jurisdiction*

1.      Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover

employee benefits. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Canyon Custom, Door West and RGC, Inc. (hereinafter referred to as the "Company") sponsored, administered and purchased a group long term disability insurance policy (hereinafter referred to as the "Policy") which was fully insured by United of Omaha Life Insurance Company (hereinafter referred to as "Mutual of Omaha"). The specific group disability policy is known as Group Policy Number GUPR-AIRI. The Company's purpose in sponsoring, administering and purchasing the Mutual of Omaha Policy was to provide disability insurance for its employees. Upon information and belief, the Mutual of Omaha Policy may have been included in and part of an employee benefit plan, specifically named the Canyon Custom, Door West and RGC, Inc. Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, Mutual of Omaha functioned as the claims administrator of the Policy; however, pursuant to the relevant ERISA regulation, the Company and/or the Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Mutual of Omaha.

5. Mutual of Omaha operated under a conflict of interest in evaluating Plaintiff's long term disability claim due to the fact that it operated in dual roles as the

decision maker with regard to whether he was disabled as well as the payor of benefits; *to wit*, Mutual of Omaha's conflict existed in that if it found Plaintiff was disabled, it was then liable for payment of his disability benefits.

6. The Company, Mutual of Omaha and the Plan conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### *Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8. Incident to his employment, Plaintiff was a covered employee pursuant to the Plan and the relevant Policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant Policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other employee benefits he may be entitled to from the Company and/or any other Company Plan as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about January 10, 2013 due to serious medical conditions and was unable to work in his designated occupation as a General Superintendent. Plaintiff has remained disabled as that term is defined in the relevant Policy continuously since that date and has not been able to return to any occupation as a result of his serious medical conditions.

10. Following his disability, Plaintiff filed a claim for short term disability benefits which was approved by Mutual of Omaha, and those benefits have been paid and exhausted. Plaintiff believes the fact that his short term disability claim was approved and

1 exhausted using a similar definition of disability as is contained in the long term disability
2 Policy, is relevant evidence for this Court to consider with regard to the reasonableness of
3 Mutual of Omaha's denial in his LTD claim. Following the exhaustion of his short term
4 disability benefits, Plaintiff then filed for long term disability benefits under the relevant
5 Policy which was administered by Mutual of Omaha, meaning it made the decision with
6 regard to whether Plaintiff was disabled.

7       11. Upon information and belief, the relevant Mutual of Omaha Policy and
8 definition of disability governing Plaintiff's long term disability claim is as follows:

> "Disability and Disabled means that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which You are:
> 
>    a. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
>    b. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.
> 
> After a Monthly Benefit has been paid for 24 months, Disability and Disabled mean You are unable to perform all of the Material Duties of any Gainful Occupation.
> 
> Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with Your employer."

      12. In support of his claim for long term disability benefits, Plaintiff submitted to Mutual of Omaha medical records from his treating physicians supporting his disability as defined by the relevant Mutual of Omaha Policy.

      13. In a letter dated September 12, 2013, Mutual of Omaha informed Plaintiff it was denying his claim for long term disability benefits.

14. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed Mutual of Omaha's September 12, 2013 denial and submitted additional medical and vocational evidence demonstrating he met any definition of disability set forth in the relevant Mutual of Omaha Policy.

15. Plaintiff submitted to Mutual of Omaha a January 22, 2014 narrative letter from his current treating physician who opined, "I do not believe that [Plaintiff] is capable of performing the duties of any job at this time."

16. Plaintiff submitted to Mutual of Omaha a March 7, 2014 narrative letter authored by his treating medical provider who opined, "[Plaintiff] is unable to work, and has been on disability…he should continue on disability…"

17. Plaintiff also submitted to Mutual of Omaha another evaluation and report by a qualified medical professional dated December 14, 2013, who interviewed Plaintiff, performed extensive testing and determined after an evaluation of Plaintiff's serious medical conditions that he is unable to work in any occupation.

18. Further supporting his appeal, Plaintiff submitted to Mutual of Omaha a vocational report from a certified vocational expert dated March 27, 2014, who after reviewing Plaintiff's medical evidence, interviewing Plaintiff and reviewing the definition of disability set forth in the Policy, concluded, "From a vocational standpoint, it is clear that [Plaintiff] is not able to work in any capacity."

19. During the administrative review of Plaintiff's claim, he also applied for, was approved and is currently receiving Social Security disability benefits through the Social Security Administration (hereinafter referred to as "SSA").

20. In a letter dated April 3, 2014, Plaintiff informed Mutual of Omaha that his claim for Social Security disability benefits had been approved and he submitted to Mutual of Omaha a copy of the January 29, 2014 letter from the SSA approving his claim.

21. Mutual of Omaha never asked for Plaintiff to obtain and/or submit a copy of his SSA claim file for its review as part of its evaluation.

22. The SSA found Plaintiff became disabled from engaging in any gainful occupation which may have existed in the national economy as of January 2013. The SSA approved Plaintiff's claim based on the opinion of its own consulting medical professional, who set forth limitations that precluded Plaintiff from engaging in any occupation. Plaintiff's claim was approved by the SSA prior to a hearing before an Administrative Law Judge.

23. The SSA's definition of disability is more stringent and difficult to meet than the aforementioned definition of disability in the Mutual of Omaha Policy for the first 24 months of disability and substantially similar to the Policy's definition of disability after the first 24 months of disability. Therefore, the SSA's approval of Plaintiff's claim is relevant evidence for this Court to consider with regard to the reasonableness of Mutual of Omaha's decision to deny Plaintiff's claim and benefits.

24. Plaintiff also submitted to Mutual of Omaha updated medical records from his treating providers that demonstrated that his medical conditions had not improved in any meaningful manner that would allow him to return to work in any occupation.

25. As part of its review of Plaintiff's claim for long term disability benefits, Mutual of Omaha obtained a medical records only "paper review" from Thomas Andrew Reeder, M.D.

26. Upon information and belief, Plaintiff believes Dr. Reeder may be a long time medical consultant for the disability insurance industry and/or Mutual of Omaha. As a result, Plaintiff believes Dr. Reeder may have an incentive to protect his own consulting relationship with the disability insurance industry and/or Mutual of Omaha by providing medical records only paper reviews, which selectively review or ignore evidence of disability as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies and/or Mutual of Omaha, which supported the denial of Plaintiff's claim.

27. In addition, despite the objective medical and vocational evidence supporting Plaintiff's claim for long term disability benefits, as part of its review of Plaintiff's claim Mutual of Omaha referred him to two (2) medical examinations with two (2) physicians that it chose, Dr. Jeannine Morrone-Strupinsky and Dr. Jody Reiser. After superficial examinations with Drs. Morrone-Strupinsky and Reiser, who Plaintiff believes may also be regularly retained by the insurance industry and/or Mutual of Omaha, both opined Plaintiff was able to engage in a gainful occupation and was not disabled.

28. In a letters dated May 7, 2014, June 9, 2014 and July 22, 2014, in order to engage Mutual of Omaha in a dialogue so he could perfect any alleged deficiencies in his claim, Plaintiff requested a complete copy of any and all medical examination reports and medical records only "paper reviews" from Mutual of Omaha and the opportunity to provide these documents to his treating medical providers for their response prior to Mutual of Omaha rendering a determination in his claim.

29. Mutual of Omaha provided Plaintiff with a copy of the medical examination report authored by Dr. Jeannine Morrone-Strupinsky on July 11, 2014.

30. In a letter dated August 1, 2014, Mutual of Omaha informed Plaintiff it had not yet received the medical examination report authored by Dr. Reiser, but that "once [it had] been provided the results, [it would] be in contact with [Plaintiff] in regards to the findings." Since Mutual of Omaha informed Plaintiff it would be providing Dr. Reiser's report and given the fact that it can be impractical and expensive to request multiple responses from medical providers, Plaintiff relied on Mutual of Omaha's statement that it would send the reports and waited until Dr. Reiser's report was received before requesting responses from his treating medical providers to Drs. Morrone-Strupinsky and Reiser's reports. Plaintiff believes Mutual of Omaha's actions misled him with regard to whether it was affording him an opportunity to respond to the reports before its final decision.

31. Mutual of Omaha did not provide Plaintiff with a copy of Dr. Reiser's report during the administrative review of his claim, or prior to rendering its final denial which is prejudicial to Plaintiff's claim. Since Plaintiff was waiting on Dr. Reiser's report before requesting responses from his treating medical providers, and Mutual of Omaha did not provide him with a copy of this report, he was never provided with an opportunity to obtain a response from his treating physicians to Dr. Morrone-Strupinsky's report.

32. Prior to its August 20, 2014 final denial, Mutual of Omaha never engaged Plaintiff or his treating medical providers in a dialogue so he could either respond to the reports and/or perfect his claim. Mutual of Omaha's failure to provide Plaintiff with the opportunity to respond to the reports precluded a full and fair review pursuant to ERISA and is a violation of Ninth Circuit case law.

33. In a letter dated August 20, 2014 and without prior notice, Mutual of Omaha informed Plaintiff it was denying his claim for long term disability benefits. In the letter,

1  Mutual of Omaha notified Plaintiff he had exhausted his administrative levels of review and
2  could file a civil action lawsuit in federal court pursuant to ERISA.

3        34.    Pursuant to ERISA and Ninth Circuit case law, Plaintiff should have been
4  provided the opportunity during Mutual of Omaha's review of his claim to respond to Drs.
5  Morrone-Strupinsky and Reiser's reports.  Following the final administrative denial of his
6  claim by Mutual of Omaha, in letters dated October 23, 2014, December 11, 2014 and
7  February 11, 2015, in order to engage Mutual of Omaha in a dialogue and to cure the
8  deficiencies it alleged existed in his case, Plaintiff submitted medical evidence, including
9  responses from his medical professionals to Drs. Morrone-Strupinsky and Reiser's reports
10 and requested for Mutual of Omaha to reopen his claim and consider the additional
11 evidence.

12       35.    The reports from Plaintiff's medical professionals are highly relevant as they
13 disagreed with and provided specific responses to the reports and opinions of Drs.
14 Strupinsky-Morrone and Reiser.  In their reports, notwithstanding Drs. Morrone-Strupinski
15 and Reiser's reports and opinions, Plaintiff's medical professionals again opined that he
16 remained disabled and unable to work in any occupation due to his serious medical
17 conditions.

18       36.    In response letters dated November 7, 2014, January 20, 2015 and February
19 25, 2015, Mutual of Omaha informed Plaintiff it was denying each and every request to
20 reopen his claim and that it would not consider any additional medical documentation,
21 including his medical professionals' responses as his claim was closed.

22       37.    Plaintiff believes his October 23, 2014, December 11, 2014 and February 11,
23 2015 letters, along with the medical documentation submitted as attachments to those letters
24 should be part of the administrative record and/or admitted as extrinsic evidence by this

Court due to Mutual of Omaha's ERISA procedural error.  If Mutual of Omaha had not misled Plaintiff, and instead provided him with a full and fair review pursuant to ERISA and followed Ninth Circuit case law, he would have been afforded the opportunity to provide this evidence during the administrative review of his claim.

38. In evaluating Plaintiff's claim on appeal and in determining whether it would review his medical professionals' responses to Drs. Morrone-Strupinski and Reiser's reports, Mutual of Omaha had a fiduciary duty pursuant to ERISA to administer Plaintiff's claim, "solely in his best interests and other participants" which it failed to do. [1]

39. Mutual of Omaha failed to adequately investigate Plaintiff's claim and failed to engage Plaintiff in a dialogue during the appeal of his claim with regard to what evidence was necessary so Plaintiff could perfect his appeal and claim.  Mutual of Omaha's failure to investigate the claim and to engage in this dialogue or to obtain the evidence it believed was important to perfect Plaintiff's claim is a violation of ERISA and Ninth Circuit case law and a reason he did not receive a full and fair review.

40. Plaintiff believes Mutual of Omaha provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, for numerous reasons including but not limited to: failing to adequately evaluate and consider the approval of Plaintiff's SSA claim; failing to provide Plaintiff with the

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

1  opportunity to respond to the medical examination reports; failing to credit Plaintiff's
2  reliable evidence which proved he was disabled; failing to adequately investigate his claim;
3  providing one sided reviews of Plaintiff's claim that failed to consider all evidence
4  submitted by him and/or de-emphasizing medical evidence which supported Plaintiff's
5  claim; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses
6  and/or limitations set forth in his medical evidence as well as the impact the combination of
7  those diagnoses and impairments would have on his ability to work; failing to engage
8  Plaintiff in a dialogue so he could submit the necessary evidence to perfect his claim and
9  failing to consider the impact the side effects from Plaintiff's medications would have on his
10 ability to engage in any occupation.

11      41.     Plaintiff believes the reason Mutual of Omaha denied the claim by providing
12 an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29
13 U.S.C. § 2560.503-1, is due to the dual roles Mutual of Omaha undertook as decision
14 maker and payor of benefits which created an inherent conflict of interest and provided a
15 financial incentive for it to deny the claim.

16      42.     Plaintiff is entitled to discovery regarding the aforementioned conflicts of
17 interest of Mutual of Omaha and any individual who reviewed his claim and the Court may
18 properly weigh and consider extrinsic evidence regarding the nature, extent and effect of
19 any conflict of interest as well as any ERISA procedural violations which may have
20 impacted or influenced Mutual of Omaha's decision to deny his claim.

21      43.     With regard to whether Plaintiff meets the definition of disability set forth in
22 the Policy, the Court should review the evidence in Plaintiff's claim *de novo*, because even
23 if the Court concludes the Policy confers discretion, the unlawful violations of ERISA

-11-

1 committed by Mutual of Omaha as referenced herein are so flagrant they justify *de novo*
2 review.

3     44. As a direct result of Mutual of Omaha's decision to deny Plaintiff's disability
4 claim, he has been injured and suffered damages in the form of lost long term disability
5 benefits, in addition to other potential employee benefits he may have been entitled to
6 receive through or from the Plan, from another relevant Company Plan, and/or the
7 Company as a result of being found disabled. Plaintiff believes other potential employee
8 benefits may include but not be limited to, health and other insurance related coverage or
9 benefits, retirement benefits or a pension, life insurance coverage and/or the waiver of the
10 premium on a life insurance policy providing coverage for him and his family/dependents.

11     45. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits,
12 prejudgment interest, reasonable attorney's fees and costs from Defendants.

13     46. Plaintiff is entitled to prejudgment interest at the legal rate pursuant to A.R.S.
14 §20-462, or at such other rate as is appropriate to compensate him for losses he incurred
15 as a result of Defendants' nonpayment of benefits.

16     WHEREFORE, Plaintiff prays for judgment as follows:

17     A. For an Order requiring Defendants to pay Plaintiff his long term disability
18 benefits and any other employee benefits he may be entitled to as a result of being found
19 disabled pursuant to the Mutual of Omaha Policy and/or the Plan from the date he was
20 first denied these benefits through the date of judgment and prejudgment interest thereon;

21     B. For an Order directing Defendants to continue paying Plaintiff the
22 aforementioned benefits until such time as he meets the conditions for termination of
23 benefits;

1      C.    For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

    D.    For such other and further relief as the Court deems just and proper.

DATED this 20th day of April, 2015.

SCOTT E. DAVIS. P.C.

By:    */s/ Scott E. Davis*
        Scott E. Davis
        Attorney for Plaintiff